STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
COUNTY OF GUILFORD    SUPERIOR COURT DIVISION

FILED
2024 JAN -5 P 1:50
GUILFORD CO., C.S.C
BY ___

24CVS2082

**TAMMY MCCRAE-COLEY,**
**Pro Se Plaintiff,**

**v.**

**Thomas L Cardella & Associates Inc.**
**TLC Associates (Fictitious Name)**

**and**

**InfoCision Management Corporation (Prior Business Name for) InfoCision Inc.**

**COMPLAINT**

## INTRODUCTION

This action arises out of the Defendants, Thomas L. Cardella & Associates Inc. and InfoCision Inc. sending telephone solicitation § 75-101(d) to Plaintiff's residential landline phone number urging the Plaintiff to purchase Spectrum Communications products and services with no consent, permission, or invitation to telemarket nor solicit to her. The practice of sending telemarketing calls to an individual's telephone number on the FTC's National Do-Not-Call Registry without "prior express invitation or permission" is a violation of the provisions of the North Carolina General Statute § 75-100 to §75-105, *et seq*.

**§ 75-102. Restrictions on telephone solicitations.**

(a) Except as provided in G.S. 75-103, no telephone solicitor Shall make a telephone solicitation to a telephone subscriber's telephone number if the

Case 1:24-cv-00108-CCE-JLW Document 1-1 Filed 02/09/24 Page 2 of 15

telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry.

Plaintiff had no business relationship with either of the Defendants nor those they called on the behalf of. Neither Defendant has been able to show any evidence of consent , permission or an invitation from the Plaintiff to deliver these spoofed illegal unwanted calls with prerecorded messages to Plaintiff's landline telephone number. The calls continued even after they were asked to stop.

**§ 75-102. Restrictions on telephone solicitations.**

(b) No telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number.

**§ 75-102. Restrictions on telephone solicitations.**

(i) No telephone solicitor shall cause misleading information to be transmitted to users of caller identification technologies or otherwise block or misrepresent the origin of the telephone solicitation. No provider of telephone caller identification services shall be held liable for violations of this subsection committed by other individuals or entities. It is not a violation of this subsection for a telephone solicitor to utilize the name and number of the entity the solicitation is being made on behalf of rather than the name and number of the telephone solicitor.

Plaintiff's residential landline telephone numbers had been registered on the National Do-Not-Call Registry since since July 01, 2003

Verify@donotcall.gov
to me

Sat, Jul 23, 2022, 9:11 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1577 on July 01, 2003. Most telemarketers will be required to stop calling you 31 days from your registration date.

...

Accordingly, Plaintiff brings this action on behalf of herself under N.C. Gen. Stat. § 75-102(a), 75- 102(b),75-102(i) and 75-105.

COMES NOW, the Plaintiff TAMMY MCCRAE-COLEY (Pro Se), files her Complaint against the Defendant as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter and the Defendants pursuant to N.C.G.S. § 1-75.4(3) and N.C.G.S. § 1-75.4( 4) as the acts by the Defendants giving rise to this Complaint occurred in Guilford County, North Carolina including Plaintiff's receipt of Defendants' Cellular telephone text messages that form basis of Plaintiff's North Carolina Telephone Solicitation Act (NCTSA) claims.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. §227(b)(3) and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper before this Court pursuant to N.C.G.S. § 75-105(f) as Plaintiff is a resident of Guilford County and received the relevant telephone calls from the Defendants while residing in Guilford County.

4. This Court has jurisdiction over the Defendant because Defendants conducts a significant amount of business within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District and has committed tortious acts in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides here, a substantial part of the events giving rise to the claim occurred here, and because the Defendant's contact with the District is sufficient to subject it to personal jurisdiction.

Statutory damages are an amount more than $25,000.00

**PARTIES**

6. Plaintiff, TAMMY MCCRAE-COLEY ("Plaintiff"), is a natural person who at all

relevant times has resided in and currently resides in Greensboro, Guilford County, North Carolina.

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Greensboro, North Carolina.

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined § 75-101(7).

9. Plaintiff is, and at all times mentioned herein was, a "telephone subscriber" as defined by N.C. Gen. Stat. § 75-101(11).

10. Defendant, Thomas L Cardella & Associates whose primary place of business is located at 3735 Queen Ct. SW, Cedar Rapids, IA, 52404. The registered agent is THOMAS L CARDELLA, and the registered agent's address is 3735 Queen Ct. SW, Cedar Rapids, IA, 52404,.

11. Defendant, InfoCision Inc. whose headquarters is located at 325 Springside Dr., Akron Ohio 44333. The registered agent is CORPORATE CREATIONS NETWORK INC. and the registered agent's address is 1521 CONCORD PIKE SUITE 201, New Castle DE, 19803

12. Defendants are and at all times mentioned herein was, a "person" as defined § 75-101(7).

13. The Defendant is, and at all times mentioned herein were, "telephone solicitors" as defined by N.C. Gen. Stat. § 75-101(10).

14. The calls were unsolicited as defined by N.C. Gen. Stat. § 75-101(12).

## FACTS

15. Between 01/06/2019 and 02/28/2020 Plaintiff received 11 spoofed illegal, unwanted, unconsented, and unsolicited prerecorded telephone calls to her residential landline telephone (**see exhibit A**). Exhibit A is a chart listing telemarketing calls made by the Defendants to the Plaintiff on the behalf of Spectrum Communications.

16. TLA Associates contracted with Charter Communications on 11/15/2019 to make telemarketing calls for Spectrum Communications. Spectrum Communications is a brand name used by Charter Communications to sell the Internet, cable TV, and home phones.

17. InfoCision Inc previously known as InfoCision Management Corporation contracted with Charter Communications on 12/19/2019 to make telemarketing calls for Spectrum

Communications. Spectrum Communications is a brand name used by Charter Communications to sell the Internet, cable TV, and home phones.

18. It is Plaintiff's belief's that these contract are renewals of previous 1-year contracts between the Defendants and Spectrum Communications since the Plaintiff has call log(s) provided by Spectrum Communications showing calls to the Plaintiff prior to dates in this Complaint. And because the contracts states the following:

*"TERM. The term of this Agreement shall begin on the Effective Date and shall continue for one (1) year unless terminated as provided herein, and shall automatically renew for successive one-(1-) year terms, unless one of the parties hereto provides notice of non-renewal at least sixty (60) days prior to the expiration of the then-current term. "*

19. The contracts mentioned above states that the Defendants can Telemarket/solicit from Spectrum's scrubbed list or the Defendant's can call from their own list of consumers.

20. TLC Associates has never denied making the calls charted on the attached document (exhibit A) given to the Plaintiff by Spectrum Communications. In addition 4 of the 5 calls made were acknowledged by Attorney Vernon P. Squires representative for TLA & Associates.

21. On July 22. 2022 Attorney Vernon P. Squires emailed Plaintiff the following information concerning solicitation calls made to the Plaintiff's land line telephone 336-931-1577 (acknowledging 4 of the 5 calls from TLA).

CaseCase1:24-cv-00108-CCE-JLW Document 1-1 Filed 02/09/24 Page 6 of 14 / Document 2 Filed 01/12/24 Page 5 of 55

| INDIV_ID | PHONE _NBR | ATTMPT_TBL_ KEY | ATTMP T_DT | ATTMPT_T M_STMP | ATTMPT_ TM_ZN | ATTMPT _NBR | FNL_ATTM PT_FLG |
|---|---|---|---|---|---|---|---|
| 60000769 05012 | 336931 1577 | 000000000002 0325529 | 202002 14 | 20200214 12:40:15 | EST | 1 | N |
| 60000769 05012 | 336931 1577 | 000000000002 0325529 | 202002 18 | 20200218 13:23:15 | EST | 2 | N |
| 60000769 05012 | 336931 1577 | 000000000002 0325529 | 202002 25 | 20200225 10:40:23 | EST | 3 | N |
| 60000769 05012 | 336931 1577 | 000000000002 0325529 | 202002 28 | 20200228 12:00:10 | EST | 4 | N |

## DEFENDANT'S LIABILITY

22.. North Carolina General Assembly found that the use of the telephone to market goods and services to the home is now pervasive due to the increased use of cost-effective telephone solicitation technologies and techniques (§ 75-100(1)) and that North Carolina residents should have the freedom to choose whether to permit telephone solicitors to contact them or not § 75-100(4).

23. The Defendants sent 11 unwanted, unconsented, and unsolicited telephone calls per §75-102(12) to the Plaintiff's residential landline telephone without invitation nor consent of any type. In fact, Plaintiff took affirmative steps and almost 2 decades prior put he telephone number on the FTC's Do-Not-Call Registry and additional steps in notifying Spectrum and those that called on their behalf to stop the calls.

**§ 75-102. Restrictions on telephone solicitations.**

(a) Except as provided in G.S. 75-103, no telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry.

### § 75-102. Restrictions on telephone solicitations.

(b) No telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number.

24. The Defendant's also violated Spectrum's own General Terms and Conditions states that "**If Subscriber's numbers are included on state or federal "do not call" lists, Spectrum will not call or text Subscriber for marketing purposes**"

> 11(b). Consent to Phone Calls. Spectrum may call or text Subscriber **or authorize others to call or text Subscriber on its behalf** including but not limited to at any number Subscriber provides to Spectrum (or that Spectrum issues to Subscriber) for any purpose, including marketing Spectrum's services. **If Subscriber's numbers are included on state or federal "do not call" lists, Spectrum will not call or text Subscriber for marketing purposes,** but still may call or text Subscriber or authorize others to do so for non-marketing purposes. Subscriber is responsible for charges for incoming text messages on Subscriber's wireless phone(s).

25. Spectrum nor those soliciting on Spectrum's behalf had an invitation nor consent from the Plaintiff of any type.

26. Also, the FCC 12-21 Report and Order states that prior express written consent is needed for prerecorded telemarketing calls to wireless numbers and residential lines.

> Section I.2 Specifically, in this Order, we: (1) revise our rules to require **prior express written consent** for all autodialed or **prerecorded telemarketing calls to wireless numbers and residential lines** and accordingly eliminate the established business relationship exemption for such calls to residential lines while maintaining flexibility in the form of consent needed for purely informational calls; (2) adopt rules applicable to all prerecorded telemarketing calls that allow consumers to opt out of future robocalls during a robocall;

27. To date, the Defendants have never asserted that they had my consent. But just in case the Defendants change their position because of this cause of action North Carolina Telephone

Case 1:24-cv-01003-CCE-JLW Document 1-2 Filed 12/02/24 Page 8 of 14
Case 1:24-cv-01003-CCE-JLW Document 1-1 Filed 12/09/24 Page 7 of 15

Solicitation Act states that they have the burden to prove that they had written consent or an invitation from me to telemarket me via telephone.

> 75-103 (e) In any dispute regarding whether a telephone subscriber has provided an express invitation or permission under subsection (a) **of this section, the telephone solicitor has the burden of proving that the telephone subscriber has provided this permission by producing the original document, a facsimile document, or an electronic form, signed by the telephone subscriber, or other authentication that evidences permission**. A telephone subscriber may subsequently retract express invitation or permission by indicating a desire not to receive further telephone solicitations under G.S.

28. North Carolina General Statute § 75-102(a) prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

29. At all relevant times, Plaintiff's number was on the National Do-Not-Call Registry.

30. In addition, pursuant to N.C. Gen. Stat. §75-105(b)(2), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

31. Plaintiff has suffered concrete harm because of Defendants' unwanted and unsolicited telemarketing cell phone calls, including, but not limited to:

❑ Device storage;

❑ The purchase of additional storage;

❑ Data usage;

❑ Usage of extra electricity to continue to charge the phone after unconsented use

❑ Lost time tending to and responding to the unsolicited cell phone calls;

❑ Intrusion upon and occupation of the capacity of the consumer's phone;

❑ Lost time tending to and responding to unsolicited text messages;

❑ Intrusion upon and occupation of the capacity of the consumer's cell phone;

❑ Wasting the Plaintiff's time or causing the risk of personal injury due to interruption and distraction;

❑ Invasion of Privacy;

❑ Nuisance;

❑ Denied the protections of her Privacy Interests afforded in Article 4. Chapter §75-100 to

§75-105 of NCTSA;

❑ Denied the protection of her Privacy Interests. The Plaintiff took an overt act to protect by registering her telephone number years prior to the violations.

**FIRST CAUSE OF ACTION**

**Violations of N.C. Gen. Stat.§ 75-102**

**(Do Not Call)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.. Upon Information and belief, Defendants sent or had sent on its/their behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

34. Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the text messages.

35. The Plaintiff is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)

36. The Plaintiff is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b).

37. The Plaintiff is entitled to an award of $5,000 in statutory damages for the third violation pursuant to N.C. Gen. Stat. §75-105(b).

38. All 6 text messages were sent and received within the two-year time frame as §75-105(b) requires.

**SECOND CAUSE OF ACTION**

**Violations of N.C. Gen. Stat.§ 102(i)**

**(Spoofing)**

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. Upon Information and belief, Defendants sent or had sent on its/their behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

41. Defendant transmitted text messages to Plaintiff displaying misleading information on her phone display as it rang. The telephone number displayed on the display of the Plaintiff's cell phone does not identify the sender nor could the sender be reached using the telephone number that displayed on the Plaintiff's phone as she received the text messages.

42. Defendant causing misleading information to be transmitted to Plaintiff's caller identification technologies/Cellular telephone is a violation of this North Carolina Telephone Solicitation Act. § 75-102(i)

43. Damages may be awarded for any violation of this Article pursuant to N.C. Gen. Stat. § 75-105(b).

44. The Plaintiff is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)

45. The Plaintiff is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b).

46. The Plaintiff is entitled to an award of $5,000 in statutory damages for the third violation pursuant to N.C. Gen. Stat. §75-105(b).

47. All 11 calls were sent and received within the two-year time frame as §75-105(b) requires.

**THIRD CAUSE OF ACTION**

**Violations of N.C. Gen. Stat.§ 75-102(b)**

**(communicated to stop calling)**

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Upon Information and belief, Defendants sent or had sent on its/their behalf, text messages constituting telephone solicitations to Plaintiff's telephone number.

50. Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the text messages.

51. Plaintiff had communicated to Spectrum Communications that these calls were unconsented, illegal and unwanted

52. The Plaintiff is entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)

53. The Plaintiff is entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b).

54. The Plaintiff is entitled to an award of $5,000 in statutory damages for the third violation pursuant to N.C. Gen. Stat. §75-105(b).

55. All 11 calls were sent and received within the two-year time frame as §75-105(b) requires.

56. The Defendants have an obligation to ensure that it complies with all applicable state and federal laws. The Defendants have failed in this obligation and knew or should have known that the parties are not registered to do business in North Carolina. Consequently, the Defendants should be held liable for failure to register with the North Carolina Secretary of State as a telephone solicitor as required.

57. The Defendants have an obligation to ensure that it complies with all applicable state and federal laws. The Defendants have failed in this obligation and knew or should have known that the parties are not registered to do business in North Carolina. Consequently, the Defendants should be held liable for failure to register with the North Carolina Secretary of State as a telephone solicitor as required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate N.C.G.S. Chapter 75 Article 4

B. An award of injunctive and other equitable relief as necessary to protect the interests of the Plaintiff, including, inter alia, an order prohibiting the Defendants from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages for violations stated and any future violations through the end of this litigation;

D. An award of treble damages for violations stated and any future violations through the end of this litigation; and

E. An award of reimbursement of attorney, court, and filing fees/costs and other fees and costs.

F. An award of post-judgment interest;

G.	Such other and further relief that the Court deems reasonable and just.

This __5th _ day of AJanuary 2024.

__/s/Tammy McCrae-Coley ___
TammyColeyjd@gmail.com
1400 Battleground Ave.
Suite 116- L
Greensboro, NC 27408
336-491-3163

# CERTIFICATE OF SERVICE

This is to certify that the undersigned Plaintiff has this day served the Summons and Complaint to:

Thomas L Cardella & Associates whose primary place of business is located at 3735 Queen Ct. SW, Cedar Rapids, IA, 52404. The registered agent is THOMAS L CARDELLA, and the registered agent's address is 3735 Queen Ct. SW, Cedar Rapids, IA, 52404

and

InfoCision Inc. whose headquarters is located at 325 Springside Dr., Akron Ohio 44333. The registered agent is CORPORATE CREATIONS NETWORK INC. and the registered agent's address is 1521 CONCORD PIKE SUITE 201, New Castle DE, 19803

by depositing a certified copy hereof, postage prepaid, in the United States Mail, addressed to the following:

This __5th__ day of January 2024

THOMAS L CARDELLA
3735 Queen Ct. SW,
Cedar Rapids, IA, 52404

CORPORATE CREATIONS NETWORK INC.
1521 CONCORD PIKE SUITE 201
New Castle DE, 19803

_____/s/ Tammy McCrae-Coley__

Tammy McCrae-Coley
TammyColeyjd@gmail.com
1400 Battleground Ave.
Suite 116 - L
Greensboro, NC 27408
336-491-3163

Exhibit A

TCPA Compliance Report

| Phone | Account Number | Vendor Name | ROC Number with Description | Call Date | Call Time | Agent Name | Caller ID1 | Spectrum Outcomes |
|---|---|---|---|---|---|---|---|---|
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICN00353 - January Blitz Former Landline | 12/30/2019 | 12/30/2019 5:42 PM | Kourtney Sullivan | 8662540469 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICN00353 - January Blitz Former Landline | 01/06/2020 | 01/06/2020 9:44 AM | Sonya Rogers | 8662540469 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICN00353 - January Blitz Former Landline | 01/08/2020 | 01/08/2020 11:59 AM | Joanna Gonzalez | 8662540469 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICN00353 - January Blitz Former Landline | 01/09/2020 | 01/09/2020 4:37 PM | Aerial Humphreys | 8662540469 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICN00353 - January Blitz Former Landline | 01/10/2020 | 01/10/2020 10:40 AM | Jose Hernandez Rodriguez | 8662540469 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICN00353 - January Blitz Former Landline | 01/13/2020 | 01/13/2020 2:09 PM | Jorge Cancel | 8662540469 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICN00353 - January Blitz Former Landline | 01/28/2020 | 01/28/2020 8:31 PM | Maureen Mick | 8662540469 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/08/2019 | 08/08/2019 3:39 PM | Monica Brown | 8552078258 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/08/2019 | 08/08/2019 6:55 PM | Ciearra Grubbs | 8552078258 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/09/2019 | 08/09/2019 11:19 AM | Michael McCormick | 8552078258 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/09/2019 | 08/09/2019 4:59 PM | IC05*123456 | 8552078258 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/09/2019 | 08/09/2019 4:59 PM | Robert Hayes | 8552078258 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/10/2019 | 08/10/2019 10:42 AM | Ciearra Grubbs | 8552078258 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/12/2019 | 08/12/2019 3:40 PM | Hameedah Shakoor | 8552078258 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/13/2019 | 08/13/2019 12:27 PM | Angela Carline | 8552078258 | 1102 No Answer |
| 3369311577 | 0000000000000000 | InfoCision Management Corp | ICT00002 - Cancelled Installs | 08/13/2019 | 08/13/2019 10:11 PM | Comm Test | 8552078258 | 1112 Max Attempts |
| 3369311577 | 0000000413916603 | TLC Associates | TCN10498 - TWC Blitz Formers Landline February 2020 | 02/14/2020 | 02/14/2020 12:40 PM | BROOKE WYLIE | 8444579239 | 1102 No Answer |
| 3369311577 | 0000000413916603 | TLC Associates | TCN10498 - TWC Blitz Formers Landline February 2020 | 02/18/2020 | 02/18/2020 1:23 PM | LEJUAN HARRIS | 8444579239 | 1102 No Answer |
| 3369311577 | 0000000413916603 | TLC Associates | TCN10498 - TWC Blitz Formers Landline February 2020 | 02/25/2020 | 02/25/2020 10:40 AM | MATTHEW LICON | 8444579239 | 1102 No Answer |
| 3369311577 | 0000000413916603 | TLC Associates | TCN10498 - TWC Blitz Formers Landline February 2020 | 02/28/2020 | 02/28/2020 12:00 PM | MAKENZIE RITZ | 8444579239 | 1102 No Answer |
| 3369311577 | 0000000413916603 | TLC Associates | TCN10498 - TWC Blitz Formers Landline February 2020 | 02/28/2020 | 02/28/2020 11:00 PM | TC01* | 8444579239 | 1113 Expiration of Calling Window |
| 3369311577 | 413916603 | InfoCision Management Corp | ICN00353 - January Blitz Former Landline | 01/28/2020 | 01/28/2020 12:39 PM | IC09*000000 | 8662540469 | 1113 Expiration of Calling Window |